IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RONALD RAY ISOM JR.** | § | |
| | § | |
| **V.** | § | A-16-CA-501-RP |
| | § | |
| **LORIE DAVIS** | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Motion to Dismiss (Document 7). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed as time-barred.

### I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

Petitioner challenges the Director's custody of him pursuant to a judgment and sentence of the 21st Judicial District Court of Burleson County, Texas, in cause number 13,311. Petitioner was indicted for committing the third degree felony offense of possession of a controlled substance in an amount less than one gram in a drug free zone. He pleaded guilty to the offense, stipulated to the evidence against him, and judicially confessed. On October 16, 2006, the court sentenced him to five years community supervision and a $1,000 fine in accordance with the plea bargain agreement,

with his sentence to run concurrently with cause number 13,301.[1] Petitioner did not appeal his conviction.

The trial court subsequently revoked Petitioner's community supervision on March 23, 2015, and sentenced him to four years in prison in accordance to a plea agreement. Petitioner again did not appeal his conviction. He did, however, file a state application for habeas corpus relief on December 9, 2015. The Court of Criminal Appeals denied it without written order on February 10, 2016. *Ex parte Isom*, Appl. No. 82,527-01.

**B.     Petitioner's Grounds for Relief**

Petitioner argues his sentence was improperly enhanced, which resulted in an illegal sentence outside of the statutory range of punishment. He also argues his judgment and sentence were improper because the offense did not occur in a drug free zone.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] In cause number 13,301, Petitioner was convicted of possession of 1 to 4 grams of a controlled substance listed in Penalty Group 1.

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's order placing him on community supervision became final, at the latest, on or about November 15, 2006. *See* TEX. R. APP. P. 26.2(a); *United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred- adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible). Petitioner executed his federal application on April 18, 2016, more than nine years later. *See Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments). Petitioner's state application for habeas corpus relief did not toll the limitations period, because it was filed long after the limitations period had already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has not shown he was actually innocent of the crime to which he pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. CONCLUSION

Petitioner's application for habeas corpus relief is time-barred. Therefore, Respondent's Motion to Dismiss is granted and Petitioner's application is dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that the Motion to Dismiss, filed by Respondent on July 6, 2016, is **GRANTED**.

It is further **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on August 8, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE